**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**TRAVIS LOWE**                                                                                    **PLAINTIFF**

**V.**                                                                                     **NO. 4:09CV116-P-D**

**MISS. DEPT. OF CORRECTIONS, et al.**                                         **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff complains of a Rule Violation Report ("RVR") dated May 13, 2009, he received for giving or receiving something of value to or from another inmate, specifically receiving money from an inmate relative. The Plaintiff alleges there is no evidence to support the RVR. The Plaintiff complains that the Defendants failed to follow MDOC procedure with regard to the timeliness of serving him with the RVR but admits he was afforded a disciplinary hearing. The Plaintiff wants the RVR expunged from his record and his custody level adjusted accordingly, along with a "reasonable amount of damages for pain and suffering.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Classification

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the

plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite the Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Brown v. Felts*, 128 Fed. Appx. 345, 2005 WL 719491 at *1 (5th Cir. Feb. 23, 2005) (placement in administrative detention does not raise a constitutional issue). The Plaintiff was afforded a disciplinary hearing to challenge the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *see also Sharp v. Anderson*, 220 F.3d 587, 2000 WL 960568 at *1 (5th Cir. Jun. 15, 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns). Additionally, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## Monetary Damages

The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). The injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days was *de minimis*).

Despite the allegation of pain and suffering, the Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, the Plaintiff's claim for damages as a result of the RVR is barred. *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (nausea caused by raw sewage in cell was *de minimis* injury insufficient to sustain a claim for emotional damages).

<u>Strike</u>

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Lowe is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 9th day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE